| |
|---|
| **Sena v Nam Gyu Rim** |
| 2025 NY Slip Op 30990(U) |
| March 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155083/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. JAMES G. CLYNES** | PART 22 |
| | *Justice* | |

-------------------------------------------------------------------------X

ANTONIO D SENA

                 Plaintiff,

       - v -

NAM GYU RIM,

                 Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155083/2020 |
| MOTION DATE | 02/14/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for           **JUDGMENT - SUMMARY**   .

Upon the foregoing documents, the motion by Defendant Nam Gyu Rim for summary judgment and dismissing Plaintiff's Complaint on the grounds that Plaintiff fails to meet the serious injury threshold requirement under Insurance Law 5102 (d) is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a February 21, 2019 motor vehicle accident between Plaintiff pedestrian and a vehicle operated by Defendant. Plaintiff's Bill of Particulars alleges injuries to Plaintiff's cervical spine and lumbar spine, as well as other injuries including post-concussive syndrome, chronic pain, and post-traumatic stress disorder, and Plaintiff's Supplemental Bill of Particulars alleges injuries to Plaintiff's cervical spine, lumbar spine, and right and left shoulders. Plaintiff further alleges that he was intermittently and/or continuously confined to bed and home from the date of the accident and for a significant period of time thereafter suffering from pain and limitation of movement, and continues to be forced to maintain reduced, restricted and curtailed activities depending upon the degree of his pain.

To meet the prima facie burden of summary judgment, a defendant must submit "expert medical reports finding normal ranges of motion in the claimed affected body parts and no objective evidence that any limitations resulted from the accident" (*Vega v MTA Bus Co.*, 96 AD3d

155083/2020 SENA, ANTONIO D vs. RIM, NAM GYU
Motion No. 002

Page 1 of 4

[* 1]

506, 507 [1st Dept 2012]).  In support of his motion, Defendant submits the independent medical evaluation by Dr. Louis McIntyre, and the radiological review by Dr. Scott A. Springer,

Dr. McIntyre examined Plaintiff on April 27, 2023 and measured his range of motion with a handheld goniometer and compared values to normal ranges in the AMA Guidelines.  Dr. McIntyre reported no swelling or effusion but noted limited range of motion involving rotation, lateral bending, and extension with neck pain which increases with head movement and at extremes of motion.  As to the cervical spine, Dr. McIntyre also reported negative orthopedic tests including Spurling test and Traction test.  As to the thoracic spine, Dr. McIntyre reported normal range of motion without pain and negative orthopedic tests.  Dr. McIntyre reported limited range of motion of the lumbar spine and pelvis, especially with flexion due to pain, but noted that Plaintiff had no difficulty getting on or off from the examination table.  Dr. McIntyre further reported negative orthopedic tests such as Kernig test and Waddell's test, as well as a normal straight leg raising.  Dr. McIntyre concluded that the alleged injuries to Plaintiff's cervical spine, thoracic spine, and lumbar spine were all resolved and there is no evidence of disability or permanent injury. He also noted that Plaintiff can perform activities of daily living and work duties without restrictions, and that there is no need for any further diagnostic testing, orthopedic or physical therapy treatment.

Dr. Springer reviewed the MRIs of Plaintiff's cervical spine and lumbar spine taken on February 20, 2019.  As to Plaintiff's cervical spine, Dr. Springer reported straightening of the normal cervical lordosis, no fracture, subluxation, or prevertebral soft tissue swelling, minimal degenerative changes, disc desiccation, disc space height loss, and disc bulges and herniation.  Dr. Springer noted no posttraumatic changes causally related to the subject accident.  As to Plaintiff's lumbar spine, Dr. Springer reported a hemangioma but noted it was non-traumatic, disc desiccation, disc space height loss, disc bulges and herniations, with no posttraumatic changes causally related to the subject accident.

Plaintiff testified that he can no longer work the same hours, he can stand for about three hours before needing a break, and he generally works much slower.  He further testified that he

155083/2020  SENA, ANTONIO D vs. RIM, NAM GYU                                                                Page 2 of 4
Motion No.  002

[* 2]                                                                             2 of 4

has trouble turning left and right. Plaintiff testified that his doctors did not put any limitations on his physical activities.

In opposition, Plaintiff contends that there is an issue of fact sufficient to preclude summary judgment in Defendant's favor. Plaintiff submits the independent medical examination by Dr. Louis F. McIntyre, the operative report by Dr. Dmitriy Dvoskin, and a follow up evaluation report by Dr. Thomas S. Mathew of DHD Medical, P.C.

Dr. McIntyre re-examined Plaintiff on November 30, 2023 and measured Plaintiff's range of motion with a goniometer. Dr. McIntyre reported normal range of motion and negative orthopedic tests as to Plaintiff's cervical spine, lumbar spine, right shoulder, and left shoulder. He concluded that the alleged cervical spine sprain, the alleged lumbar spine discectomy, the alleged right shoulder sprain, and the alleged left shoulder sprain were all resolved. He further concluded that Plaintiff did not sustain any significant or permanent injury because of the motor vehicle accident.

On July 6, 2023, Dr. Dvoskin performed a discectomy with mechanical decompression at L5-S1, a nucleoplasty with radiofrequency ablation at L4-L5 and L5-S1, an annuloplasty at L4-L5 and L5-S1, and a contrast injection and evaluation of nucleograms at L4-L5 and L5-S. Dr. Dvoskin advised Plaintiff that he should abstain from any and all physical activity until advised to do otherwise by Dr. Dvoskin's office.

Dr. Mathew reported that Plaintiff had treated at his office following the February 1, 2019 motor vehicle accident and was last seen on October 29, 2019 at which time Plaintiff had reached maximum medical improvement. Dr. Mathew measured Plaintiff's range of motion with a handheld goniometer and based normal values on those published by the NYS Division of Disability Determination, NYS Workers' Compensation Guidelines, and the Manual of Structural Kinesiology. Dr. Mathew reported that Plaintiff had some tenderness and a limitation in the range of motion of his cervical spine, including a 20% loss of flexion, a 17% loss of extension, a 19% loss of right rotation, and 25% loss of left rotation. As to Plaintiff's lumbar spine, Dr. Mathew reported tenderness and a limitation in Plaintiff's range of motion, specifically a 22% loss of

155083/2020  SENA, ANTONIO D vs. RIM, NAM GYU
Motion No. 002

Page 3 of 4

3 of 4

[* 3]

flexion, 33% loss of extension, 25% loss of right lateral bending, and 25% loss of left lateral bending. Dr. Mathew concluded that Plaintiff's limitations are significant, and because they continue to occur 4 ½ years after the subject accident, they constitute a permanent loss. Dr. Mathew reported that he advised Plaintiff to be vigilant not to do any activities that would further exacerbate his injuries.

Plaintiff has raised a sufficient question of fact as to the injuries to his cervical spine and lumbar spine to preclude summary judgment in Defendant's favor. It is not necessary to determine the adequacy of the evidence as to his remaining alleged injuries. Plaintiff may be entitled to recover for all injuries causally related to the subject accident, even if they are not "serious" within the meaning of the statute (*Lamar-Vaterpool v Devora*, 200 AD3d 421, 422 [1st Dept 2021]). The motion is denied.

Accordingly, it is

**ORDERED** that the motion by Defendant Nam Gyu Rim for summary judgment and dismissing Plaintiff's Complaint on the grounds that Plaintiff fails to meet the serious injury threshold requirement under Insurance Law 5102 (d) is denied; and it is further

**ORDERED** that within 30 days of Entry, Plaintiffs shall serve a copy of this Decision and Order upon the Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 3/27/2025 | | | |
|---|---|---|---|
| **DATE** | | **JAMES G. CLYNES, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

155083/2020   SENA, ANTONIO D vs. RIM, NAM GYU
Motion No.  002

Page 4 of 4